GEO. T. GAINES, ETC., *v.* W. T. SCALES, ETC.

**Fixtures—Question of fact.**
>    Whether structures and machinery attached to land mortgaged or sold, are real or chattel fixtures, is a question of fact.

APPEAL FROM BOONE CIRCUIT COURT.

February 19, 1873.

OPINION BY JUDGE LINDSAY:

By the judgment of the circuit court it was determined that the two partners, Rice & Carlisle, had the right to sell the personal property held and owned by the firm, and that the title of the purchasers could not be questioned by the other partner nor the creditors of the firm, and hence appellant was protected as to the oxen, wagon, etc.

For the same reason they should have been protected in their purchase of the boiler and engine, the flour mill and bolt, the corn mill and the circular saw mill and all the fixtures attached to and belonging to the same. By the mortgage executed by the firm to Archibold Goins, William Williams and Geo. Goins, on the 24th of October, 1865, these things were all treated as personal property, wholly disconnected from the realty, and under the mortgage could have been sold and removed even after the real estate had been consigned to a third party. It is always a question of fact, and in some instances of intention, whether or not structures, and more especially machinery used for manufacturing purposes are to be regarded as permanent fixtures. Here the party suing has demonstrated beyond doubt that the property mentioned in this mortgage was to remain detached from the realty, and was not to lose its character as personalty.

The mortgage executed to William Scales and Archibold Goins on the 6th of January, 1866, is in harmony with this idea. In that conveyance the realty and the mills and machinery are treated as separate and distinct. In the mortgage to Chittenhelm, executed April 16, 1866, the wheat mill, smut mill and the screw connected therewith are alone embraced, the realty being excluded. It is

therefore manifest that everything sold to appellant except the five and one-half acres of land and the mill house was personalty, and upon the theory of the circuit court a perfect title was passed by the sale. The only interest therefore which W. T. Scales and the general creditors can claim as against appellants is one-third of the five and one-half acres of land and of the mill house and one-third of the rents of said land and mill house independent of that portion of the rents accruing from the mills, machinery, etc., set out in the various mortgages. And against this claim appellant has the right to set off one-third of the amount paid by him (under the judgment in this case) to Snow on the purchase price for the land. As he made this payment with the assent of all the partners it can not be claimed that he was not thereby substituted to the rights of Snow. He is also entitled to the moneys accruing under the rentings made by the court, except that Scales should be allowed one-third of that portion of the same arising from the land and mill house.

The judgment is reversed as to Geo. T. Gaines *in personam* and as administrator of Oliver Gaines, deceased, and the cause remanded for further proceedings consistent with this opinion.

This opinion is intended to apply to both the appeals prosecuted on this record.

*Pryor & Chambers, for appellants.*

*Collins, for appellees.*